UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD D. QUINN,

  Plaintiff,

  v.    CAUSE NO.: 3:18-CV-1027-PPS-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

  Defendants.

OPINION AND ORDER

Edward D. Quinn, a prisoner without a lawyer, has filed a complaint against the Westville Correctional Facility and Ms. Samargin alleging that they wrongfully withheld his incoming mail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Quinn alleges only that mail with postmarks of October 25, 2018, November 3, 2018, and November 24, 2018, was not delivered until December 6, 2018. An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain

contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding the inspection of non-legal mail for contraband and listing examples of prohibited topics for letters, including "threats of physical harm, blackmail, extortion; plans to escape; [and] coded letters . . .."). An inmate's legal mail is entitled to greater protections because of the potential interference with his right of access to the courts and his right to counsel. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Here, Quinn has not alleged that any of the mail that was delayed was legal mail,[1] much less that it interfered with his ability to access the courts, or his right to counsel. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Instead, Quinn alleges that his constitutional rights were violated by the mere delay of the receipt of his mail. But, his First Amendment rights were not violated just because three pieces of non-legal mail were delayed. Therefore, I find that Quinn's complaint does not state a claim

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quotation omitted) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

---

[1] A review of the post-marked envelopes attached to the complaint confirms this. The mail at issue was not sent from either a law firm or a court.

SO ORDERED.

ENTERED: June 26 , 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT